## Mitchell, Appellant, *v.* Minnig.

*Vendor and vendee—Suit to recover hand money—Contract—affidavit of defense.*

In an action to recover a hand payment made by plaintiff upon a contract for the sale of real estate, which provided that if the seller would be unable to give a title satisfactory to certain attorneys the hand payment should be returned, and the statement of claim avers that the title was unsatisfactory to the said attorneys, an affidavit of defense is sufficient which avers that the refusal to pass the title by the said attorneys was "unreasonable and without foundation," and that the failure to complete the sale was not because there was any defect in the title, but because plaintiff preferred to purchase another farm elsewhere.

Argued April 10, 1917. Appeal, No. 164, April T., 1917, by plaintiff, from order of C. P. Erie Co., Sept. T., 1916, No. 259, discharging rule for judgment for want of a sufficient affidavit of defense in case of David W. Mitchell v. George W. Minnig. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Assumpsit for hand money.

Rule for judgment for want of a sufficient affidavit of defense.

WHITTELSEY, J., filed the following opinion:

This was a rule for judgment for want of a sufficient affidavit of defense. The plaintiff avers in his statement

of claim that by a certain agreement, a copy of which is thereto attached, the defendant agreed to sell and convey to him a certain piece and parcel of land situated in Millcreek Township, Erie County, Pennsylvania, for the sum of twenty-seven thousand ($27,000) dollars, one thousand ($1,000) dollars in hand payment, etc. That on the 11th day of May, 1916, in accordance with the agreement, he paid to the defendant the sum of one thousand ($1,000) dollars; that among other things in said agreement there was a stipulation that if the first party was unable to give a title satisfactory to Brooks & English, attorneys, the hand payment that he made was to be returned to the second party. That subsequent to the date of the agreement and within the time prescribed thereby, Brooks & English, attorneys, made an examination of the title of said land and informed the defendant that the title was unsatisfactory to them because of certain charges against the said land which were encumbrances upon the same as well as on account of ambiguities in the description of the said land. Wherefore the plaintiff claims that there is justly due and payable to him the hand payment made to the defendant, viz: the sum of one thousand ($1,000) dollars, with interest from June 11, 1916.

The defendant avers in the third paragraph of his affidavit of defense that there are no encumbrances on said land except the encumbrances mentioned in the articles of agreement, and that there are no ambiguities in the description of said land, but that said land is accurately described in said agreement; and that the refusal to pass said title by Brooks & English is unreasonable and without foundation; that the title to said land is perfectly good and marketable; and he further avers in a supplemental affidavit of defense that the reason the plaintiff did not consummate the transaction in accordance with the agreement attached to the plaintiff's statement of claim was not that there was any defect in the title or that there was any ambiguity in the

description of the land, but because he preferred to purchase another farm elsewhere.

Brooks & English, attorneys, by this agreement were constituted agents of the plaintiff and their rights in the premises could rise no higher than the rights of the plaintiff himself.

We believe that the questions here raised are controlled by Dillinger v. Ogden, 244 Pa. 20, where it is said:

"The vendees were not at liberty to refuse arbitrarily to accept. They could not reject the title capriciously. If it was good, they were bound to take it. Abundant authority is to be found for this position. Thus in Folliard v. Wallace, 2 Johns. (N. Y.) 395, the grantee of land covenanted that he would pay the purchase-money to the grantor 'three months after he should be well satisfied that the title was undisputed and good against all other claims.' In an action for the purchase-money, Chief Justice (afterward Chancellor) KENT said, (p. 402) 'Nor will it do for the defendant to say he was not satisfied with his title, without showing some lawful encumbrance or claim existing against it. A simple allegation of dissatisfaction, without some good reason assigned for it, might be a mere pretext, and cannot be regarded. If the defendant were left at liberty to judge for himself when he was satisfied, it would totally destroy the obligation, and the agreement would be absolutely void.......The law in this case will determine for the defendant when he ought to be satisfied.' In Moot v. Investment Assn., 157 N. Y. 201, an action for the recovery of purchase-money, MARTIN, J., said (p. 211) : 'But it is said that the language of the contract was that the deed should convey a good and satisfactory title. Much stress is placed upon the word "satisfactory." We think that word in no way changes the contract. A good title must be regarded as a satisfactory one.' The language of Chief Justice KENT in Folliard v. Wallace, cited above, is then quoted. And it is further

306, (1917).] Opinion of Court below—Arguments.

said: 'This doctrine was reasserted in Brooklyn v. Brooklyn City R. R. Co., 47 N. Y. 475 (479), and again in Miesell v. Globe Mutual Life Insurance Co., 76 N. Y. 115 (119).' "

It may be that the attorney for the defendant could have said in so many words that Brooks & English were capriciously and arbitrarily dissatisfied with the title to the land in order to help their client avoid the contract he had entered into, but what is pleaded in the affidavit of defense amounts to the same thing, and we think sufficient.

And now, November 27, 1916, the rule for judgment for want of a sufficient affidavit of defense is discharged.

*Error assigned* was the order of the court.

*John B. Brooks*, with him *Charles H. English*, for appellant.—The plaintiff is entitled to judgment for want of a sufficient affidavit of defense, unless the defendant positively denies that the title was not satisfactory to Brooks & English, and that they refused to pass the title: Quigley v. DeHass, 82 Pa. 267; Messner v. Lancaster County, 23 Pa. 291; McHugh v. Philadelphia, 62 Pa. Superior Ct. 550; Citizens Trust & Surety Co. v. Howell, 19 Pa. Superior Ct. 255.

The defendant in his affidavit of defense does not anywhere deny that Brooks & English refused to pass the title. At the most, it is only an inference from the supplemental affidavit that Brooks & English were satisfied with the title, and this is not sufficient. He should not leave it to inference, but should deny specifically and unequivocally that Brooks & English refused to pass the title: Class v. Kingsley, 142 Pa. 636; Peck v. Jones, 70 Pa. 83; Myers v. Kipp, 20 Pa. Superior Ct. 311; Galena M. & S. Co. v. Frazier, 20 Pa. Superior Ct. 394; Moore v. Somerset, 6 W. & S. 262; Arons v. Kopf, 21 Pa. Superior Ct. 123; Genesee Paper Co. v. Bogert, 23 Pa. Superior Ct. 23.

*W. P. Gifford,* of *Gunnison, Fish, Gifford & Chapin,* for appellee, cited: Dillinger v. Ogden, 244 Pa. 20.

OPINION BY ORLADY, P. J., December 13, 1917:

The court below discharged a rule for judgment for want of a sufficient affidavit of defense, and the only question raised on this appeal is the sufficiency of the averments in the affidavit,—that the attorneys for the appellant unreasonably and capriciously and without foundation in fact suggested defects in the title to be passed. The affidavit does specifically aver facts which, if true, can point to no other conclusion than that the excuse set up by the appellant for not carrying out his agreement was an afterthought, and that the real reason for not complying with the terms of his contract was that he had bought another farm and declined to purchase the one mentioned in the agreement and to lose the $1,000 hand-money forfeit. The facts averred by the plaintiff to sustain his action are emphatically denied in the affidavits, and the latter are to be taken as true under the pleadings. The reasons given in the opinion filed in the court below are sufficient to prevent a summary judgment.

The order is affirmed.